# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE LINDSEY, | ) | |
| Plaintiff, | ) | No. 1:17-cv-05697 |
| | ) | |
| v. | ) | Hon. Robert M. Dow, Jr. |
| | ) | |
| UNITED ROAD TOWING, INC., | ) | |
| URT UNITED ROAD TOWING, INC., | ) | |
| E&R TOWING, INC. and | ) | |
| URT E&R TOWING, INC | ) | |
| | ) | JURY DEMANDED |
| . | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, ANTOINE LINDSEY, ("plaintiff" or "Lindsey"), by his attorneys in this matter, The Law Office of Justin G. Randolph, and complaining of the Defendants, UNITED ROAD TOWING, INC., URT UNITED ROAD TOWING, INC., E&R TOWING, INC., and URT E&R TOWING, INC. ("Defendants"), states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. The present action alleges claims based on violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

2. This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 2000e-14, 5 U.S.C. §552a(g)(1).

3. Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this District. 42 U.S.C. §2000e-5(f)(3).

### PARTIES

4. Antoine Lindsey, an African-American male, with prior protected activity, was at all relevant

1

times, employed by Defendants United Road Towing, Inc. and/or E&R Towing, Inc. or their successors in interest URT United Road Towing, Inc. and or URT E&R Towing, Inc.

5. Defendants are Illinois corporations operating towing services in and around Chicago, Illinois.

## PRIOR ADMINISTRATIVE PROCEEDINGS

6. Plaintiff exhausted his administrative remedies through the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission.

7. Plaintiff received a Right to Sue from the EEOC on or about May 10, 2017.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff was hired by Defendants on or about October 20, 2005.

9. Defendants terminated Plaintiff's employment on July 25, 2016.

10. At all relevant times, Defendants were "employers" within the meaning of Title VII of the Civil Rights Act of 1964.

11. At all times Plaintiff performed his duties satisfactorily.

12. Plaintiff's most recent position with Defendants was a Yard Manager. Plaintiff was promoted to Yard Manager in 2011 but his salary/hourly wage remained the same from 2011 until 2016.

13. Defendants regularly gave other similarly situated non-African-American employees increases in salary/hourly wage and performance/holiday bonuses from 2011 to 2016.

14. In 2016 Plaintiff complained to Defendants' Human Resources department regarding Defendants' racially discriminatory actions in denying Plaintiff a raise and performance/holiday bonuses for 5-plus years while regularly granting other similarly situated non-African-American employees raises and performance/holiday bonuses.

15. Defendants were aware of Plaintiff's Complaints of race discrimination to Defendants' Human Resources department.

16. In 2016, Plaintiff complained to Frank Maroni ("Maroni") his direct supervisor about Maroni's

racially discriminatory treatment of Plaintiff with respect to the terms and conditions of Plaintiff's employment, including but not limited to, Maroni's and therefore Defendants' refusal to grant Plaintiff a raise in his salary/hourly wage from 2011 to 2016.

17. Defendants were aware of Plaintiff's Complaints to Maroni regarding racially discriminatory treatment.

18. In July 2016, Plaintiff again complained to Defendants' Human Resources Department about its racially discriminatory treatment of Plaintiff with regard to denying him a raise in salary/hourly wage and performance/holiday bonuses.

19. Also in July 2016, Plaintiff complained to Maroni's superior, Kevin Corcoran ("Corcoran") about his lack of a raise and that other non-African American employees had regularly received raises as well as performance bonuses.

20. Shortly after his July 2016 complaints of racial discrimination to Defendants' Human Resources Department, Corcoran and Maroni, Defendants' terminated Plaintiff's employment on July 25, 2016.

21. On July 25, 2016, Defendants told Plaintiff that he was terminated because of unsatisfactory performance of his duties as a Yard Manager.

22. In January 2017, Defendants indicated that Plaintiff was terminated, not because of unsatisfactory performance but because he had attempted to convince other employees to leave Defendants' employ to work for another employer.

## COUNT I
*(Race Discrimination)*

24. Plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendants' failed and refused to grant Plaintiff a raise in salary/hourly wage and failed and refused to give Plaintiff monetary performance/holiday bonuses because of Plaintiff's race, African-American.

3

26. The conduct of Defendants was contrary to and in violation of the provisions Title VII of the Civil Rights Act, because the employment decision of the Defendants concerning Plaintiff was based, in whole or in part, on Plaintiff's race.

27. The conduct of the Defendant with respect to Plaintiff constituted a willful violation of Title VII of the Civil Rights Act of 1964.

28. As a direct and proximate result of Defendants' unlawful employment practices, namely race discrimination, and disregard for Plaintiff's rights he has lost and will continue to lose substantial income and benefits.

29. That as a further direct and proximate result of Defendants' unlawful employment practices, namely race discrimination, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination and great humiliation which is manifested in emotional distress at his mistreatment.

WHEREFORE, the Plaintiff, Antione Lindsey, respectfully requests that this Court enter judgment against the Defendants and that Plaintiff be awarded relief including front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed available and just.

## COUNT II
*(Retaliation)*

30. Plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Prior to Defendants' termination of Plaintiff's employment on July 25, 2016, Plaintiff complained to Defendants multiple times regarding disparate treatment related to the terms and conditions of his employment.

32. Defendants were aware of Plaintiff's previous complaints when Defendants terminated

Plaintiff's employment.

33. Defendants terminated Plaintiff's employment in retaliation for Plaintiff's complaints of racial discrimination in the terms and conditions of his employment.

34. Defendants' first proffered reason that Plaintiff's termination was because of performance issues was merely pretext for unlawful retaliation for his prior protected activity.

35. Defendants' second proffered reason that Plaintiff was terminated, not because of unsatisfactory performance but because he had attempted to convince other employees to leave Defendants' employ to work for another employer was merely pretext for unlawful retaliation for his prior protected activity.

36. Defendants' conduct in terminating Plaintiff's employment in retaliation for his complaints of racial discrimination constituted a willful violation of Title VII of the Civil Rights Act of 1964.

36. As a direct and proximate result of Defendants' unlawful employment practices, namely retaliation, and disregard for Plaintiff's rights he has lost and will continue to lose substantial income and benefits.

37. That as a further direct and proximate result of Defendant's unlawful employment practices, namely retaliation, Plaintiff has suffered the indignity of retaliation for seeking to protect his rights under the law, the invasion of his right to be free from retaliation for his protected activity and great humiliation which is manifested in emotional distress at his mistreatment.

WHEREFORE, the Plaintiff, Antoine Lindsey, respectfully requests that this Court enter judgment against the Defendants and that Plaintiff be awarded relief including front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed available and just.

Respectfully submitted,

/s/ Philip Stephens Holloway
Attorney for Plaintiff

Attorney #6273544
Philip Stephens Holloway
Of Counsel
Law Office of Justin G. Randolph
53 West Jackson Blvd., Suite 1234
Chicago, IL 60604
Phone: (312) 663-1560
Fax: (312) 277-7432
Email:  philipholloway@aim.com