IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINE LINDSAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17-cv-5697 |
| v. | ) |
| | ) Judge Robert M. Dow, Jr. |
| UNITED ROAD TOWING, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the motion to dismiss [30] filed by Defendants URT United Road Towing, Inc. and URT E&R Towing, Inc. ("Defendants"). For the reasons set forth below, the motion [30] is granted. Plaintiff is given until March 19, 2019 to file a second amended complaint. Further status hearing set for March 21, 2019 at 9:00 a.m.

## STATEMENT

Plaintiff filed an amended complaint seeking to bring race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 against Defendants URT United Road Towing, Inc. ("United Road") and URT E&R Towing, Inc. ("E&R") (together, the "Defendants"). [See 16.] Although it is not clear from the amended complaint, Plaintiff never worked for Defendants. Rather, Plaintiff worked for United Road Towing, Inc. (d/b/a E&R Towing, Inc.). On February 6, 2017, United Road Towing, Inc. and its affiliates (together, the "Debtors") filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. [*In re Old Towing Co.*, Case No. 17-10249 (Bankr. D. Del.).][1] On April 13, 2017, Defendants entered into a purchase agreement with various Debtors, including Plaintiff's former employer, which the bankruptcy court approved the same day. [*In re Old Towing Co.*, Case No. 17-10249, Dkt. 279 (Bankr. D. Del.).] The bankruptcy court concluded that the purchase agreement met all the conditions necessary for a sale "free and clear of all liens, claims, encumbrances and interests" under Section 363(f) of the Bankruptcy Code. [*Id.*] The sale of the Debtors' assets therefore was made "free and clear of all Liens, Claims, and Encumbrances other than the Assumed Liabilities and

---

[1] Taking judicial notice of court records does not convert Defendants' motion to dismiss into a motion for summary judgment. See *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir.2008) (citing Fed. R. Civ. P. 12(d)). To the extent that Defendants rely on other documents such as correspondence between Plaintiff and Defendants, the Court disregards those documents in ruling on Defendants' motion. *Macias v. Bakersfield Rest., LLC*, 54 F. Supp. 3d 922, 926-27 (N.D. Ill. 2014) ("When a party attaches documents to a motion to dismiss, the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12.").

Permitted Liens." [31-1, at 13.] The bankruptcy court further stated that the buyer "shall not be responsible for any Liens, Claims, or Encumbrances including * * * any claims relating to any employment with the Debtors or any of their respective predecessors[.]" [31-1, at 17-18.] Defendants represent that they purchased substantially all of the Debtors' assets by means of a bill of sale dated May 2, 2017. [31, at 2.] A copy of the bill of sale is attached as an exhibit to Defendants' motion to dismiss. [31-2.] The bankruptcy court issued a notice providing that under the relevant sale order and asset purchase agreement, the buyer (*i.e.*, Defendants) assumed $750,000 in prepetition general unsecured claims. [31-3.] With respect to Plaintiff's claims, the buyer assumed $4,168.62 in liability. [31-3, at 13.]

Plaintiff seeks to bring employment discrimination claims against Defendants—not his former employer—under the successorship doctrine. Defendants argue that the successorship doctrine does not apply because the sale of the Debtors' assets was made "free and clear of all Liens, Claims, and Encumbrances other than the Assumed Liabilities and Permitted Liens" pursuant to Section 363(f) of the Bankruptcy Code. Defendants also argue that Plaintiff is collaterally estopped from proceeding with his claims because his claims were extinguished pursuant to a sale of assets under Section 363. Plaintiff contends that Defendants' arguments fail because (1) Section 363(f) does not apply to Plaintiff's claims, and (2) because Plaintiff never received notice of the sale.[2]

Under Section 363(f) of the Bankruptcy Code, bankruptcy courts have authority to approve sales of property "free and clear of any interest in such property" only if "(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(1)-(5). The parties dispute whether Plaintiff's employment discrimination claims fall within the scope of the term "any interest" as used in Section 363(f).[3] "The Bankruptcy Code does not define 'any interest,' and in the course of

---

[2] Plaintiff does not sufficiently explain how these arguments relate to Defendants arguments for dismissal. Still, with respect to Defendant's collateral estoppel argument, the Court concludes that a lack of notice to Plaintiff bars dismissal of Plaintiff's claims under that theory. Res judicata and collateral estoppel are affirmative defenses that generally cannot be resolved on a motion to dismiss. *Arthur Anderson LLP v. Fed. Ins. Co.*, 2007 WL 844632, at *7 (N.D. Ill. Mar. 16, 2007). Defendants therefore bear the burden of establishing the elements of any such defense, which include showing an identify of parties or their privies. *Scott v. Sutker-Dermer*, 6 F. App'x 448, 449 (7th Cir. 2001) (collateral estoppel); see also *Arrigo v. Link*, 836 F.3d 787, 799 (7th Cir. 2016) (res judicata). Defendants cite to cases recognizing that "res judicata precludes a party to [a bankruptcy] sale proceeding from attacking the sale order by way of a new lawsuit" after the time for appealing the "bankruptcy court's sale order has expired[.]" *Precision Indus. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 543 (7th Cir. 2003) (citation omitted). But Defendants have not established that Plaintiff was a party to the bankruptcy proceeding. Still, in order to bring claims against Defendants, Plaintiff must establish successor liability. The Court addresses that issue below.

[3] Defendants also argue that the successorship doctrine is inapplicable where the plaintiff had the opportunity to obtain a legal remedy against the predecessor. Defendants correctly state the law on this point. *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 163 (7th Cir. 1994) ("[T]he successorship doctrine * * * is inapplicable if the plaintiff had a chance to obtain a legal remedy against the predecessor, even so

applying section 363(f) to a wide variety of rights and obligations related to estate property, courts have been unable to formulate a precise definition." *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 545 (7th Cir. 2003) (citation omitted). Although the Seventh Circuit has not addressed the issue, it has noted that the Bankruptcy Code "itself does not suggest that 'interest' should be understood in a special or narrow sense; on the contrary, the use of the term 'any' counsels in favor of a broad interpretation. *Id*. (citing *United States v. Gonzales,* 520 U.S. 1, 5 (1997)). Consistent with a broad interpretation of the term "any interest," other courts have held that employment discrimination claims do fall within the scope of the term "any interest" as used in Section 363(f).[4] See, *e.g., In Re Trans World Airlines, Inc.*, 322 F.3d 283 (3d Cir. 2003). Here, the bankruptcy court concluded that the term encompassed any "claims relating to any employment with the Debtors or any of their respective predecessors"—which would include Plaintiff's claims. [31-1, at 17-18.]

The Court need not determine whether the bankruptcy court's determination that employment related claims fall within the scope of Section 363 was correct because Plaintiff has not identified any authority for this Court to collaterally review the order of the bankruptcy court.[5] An "order approving a bankruptcy sale is a judicial order and can be attacked collaterally only within the tight limits that Fed. R. Civ. P. 60(b) imposes on collateral attacks on civil judgments." *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 286 (7th Cir. 2002). Plaintiff appears to be arguing—although not explicitly—that this Court has authority to review the sale order of the bankruptcy court because Plaintiff did not receive notice of the sale.

The Court agrees that there is at least an issue of fact regarding whether Plaintiff received notice of the bankruptcy court's sale order. Although Defendants argue that Plaintiff had notice of the bankruptcy court's sale order and an opportunity to object, Defendants fail to identify any

---

limited a remedy as that afforded by the filing of a claim in bankruptcy." (citation omitted)). However, as discussed below, it is not at all clear that Plaintiff here had a chance to obtain a legal remedy against his former employer (*i.e.*, the predecessor) in the bankruptcy proceeding because it is not clear that Plaintiff had notice of the proceeding.

[4] Plaintiff devotes a significant portion of its brief attempting to distinguish cases in which courts held that employment discrimination claims fell within the scope of the term "any interest" as used in Section 363(f). But Plaintiff's arguments miss the mark. For example, Plaintiff argues that the Court cannot determine whether Plaintiff's employment discrimination claims fall within the scope of the term "any interest" because there is a genuine issue of material fact as to whether the Debtors here actually were insolvent. [38, at 8.] The Court does not see how this fact would be relevant to determining whether the statutory term "any interest" is broad enough to encompass employment discrimination claims. Plaintiff also cites to a Seventh Circuit case applying the successorship doctrine after a sale made under the Bankruptcy Code, but the sale in that case was not made free "free and clear of all liens, claims, encumbrances and interests" under Section 363(f). See *Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Tasemkin, Inc.*, 59 F.3d 48, 50 (7th Cir. 1995).

[5] The parties also dispute whether any of the conditions in Section 363(f)(1) through (5) were satisfied with respect to Plaintiff's claims. Again, the Court declines to collaterally review the bankruptcy court order absent any authority for doing so.

3

convincing evidence supporting that assertion.[6]  The only evidence of notice identified by Defendants is a notice purportedly provided to all named creditors listing the amount of assumed liability adjudged to each.  [See 31-3.]  The notice directed named creditors to file objections with the bankruptcy court on or before May 24, 2017.  [*Id*.]  Plaintiff was listed as an unsecured creditor in the notice.  [*Id*. at 13.]

Plaintiff contends that he did not receive the notice as required by 11 U.S.C. § 363(f).[7]  Although Plaintiff's name is listed as one of the parties who was served with the notice in the related affidavit of service, the address listed for Plaintiff is actually that of counsel for Defendants in this case.  [*In re Old Towing Co.*, Case No. 17-10249, Dkt. 346 (Bankr. D. Del.).]  The Court recognizes that a proper certificate of service creates a rebuttable presumption that Plaintiff received the required notice.  See *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 922 (7th Cir. 2007) ("Evidence of mailing is evidence of delivery." (citations omitted)); see also *Bianchi v. The Bureaus, Inc.*, 2008 WL 597587, at *2 (N.D. Ill. Feb. 27, 2008) ("Plaintiff argues that the certificate of service creates a presumption that defendant received the bankruptcy notice.  We agree."); *In re AMR Corp.*, 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013) ("It is well settled that proof that a letter was properly addressed and placed in the mail system creates a presumption that the letter was received in the usual time by the addressee.").  But, given that the notice was sent to Defendants' counsel in this case (who presumably did not represent Plaintiff in the bankruptcy case), there is at least an issue of fact as to whether Plaintiff received notice of the bankruptcy court sale order.

Still, Plaintiff has not cited to any authority indicating that district courts have authority to collaterally review a bankruptcy court sale order where the party challenging the order inadvertently did not receive notice of the sale.  In fact, the Seventh Circuit has indicated that the contrary is true with respect to sales made under Section 363.  *Matter of Edwards*, 962 F.2d 641, 645 (7th Cir. 1992) ("The strong policy of finality in bankruptcy sales embodied in Section 363(m) provides* * * strong support for the principle that a bona fide purchaser at a bankruptcy sale gets good title[.] * * * The policy would mean rather little if years after the sale a secured creditor could undo it by showing that through some slip-up he hadn't got notice of it.").  Because Plaintiff has not identified any authority for this Court to collaterally review the bankruptcy court sale order, which was made "free and clear of all liens, claims, encumbrances and interests" other than the assumed liabilities and which thereby bars successor liability for Plaintiff's discrimination claims,

---

[6] Defendants appear to argue that Plaintiff should have been on notice of the pending bankruptcy sale because "he was terminated from one of the Debtors on July 25, 2016, almost a year prior to the bankruptcy sale" and "he filed his Charge of discrimination with the Equal Employment Opportunity Commission shortly thereafter on October 26, 2016 and he received a Notice of Right to Sue on May 5, 2017, both prior to the finalization of the sale." [45, at 7.]  However, Defendants fail to explain how those facts would put Plaintiff on notice of the pending bankruptcy sale.  Defendants also argue that Plaintiff was aware of the sale by way of correspondence from defense counsel.  [*Id*.]  But Defendants have not identified any grounds for allowing the Court to take judicial notice or to otherwise consider the correspondence in ruling on Defendants' motion to dismiss.  Regardless, the correspondence does not establish notice, as it postdates the finalization of the bankruptcy sale.

[7] The Court is not accepting Plaintiff's representation on this point.  However, as discussed below, there is at least on issue of fact regarding whether Plaintiff received the notice.

Plaintiff's arguments against dismissal fail. The Court therefore grants Defendants' motion to dismiss Plaintiff's amended complaint.

The Court notes, however, that Defendants apparently recognize that Plaintiff still is entitled to $4,168.62, arguing that the Court should compel Plaintiff to accept that amount in satisfaction of his claims. The parties fail to address whether Plaintiff can recover that amount in an action before this Court.[8] Given that Defendants have not yet paid Plaintiff the $4,168.62 in assumed liability, the Court gives Plaintiff leave to file a second amended complaint seeking to recover the amount owed to Plaintiff under the terms of the asset sale, if Plaintiff believes such a claim appropriately is brought before this Court. Plaintiff is given until March 19, 2019 to file a second amended complaint. Given the low dollar amount of the liability assumed by Defendants, however, the Court encourages the parties to discuss settlement rather than litigate the case. To the extent that Defendants' offer to pay Plaintiff $4,168.62 remains open, it would be imprudent to continue the litigation unless Plaintiff seeks additional relief that he ultimately may be able to recover. If Plaintiff proceeds with his claims despite an offer of complete relief by Defendants, Defendants are free to seek any relief they deem appropriate. See *Conrad v. Boiron, Inc.*, 869 F.3d 536, 542 (7th Cir. 2017) (discussing possible remedies if a party engages in unnecessary and/or abusive litigation).

Date: February 19, 2019

_____
Robert M. Dow, Jr.
United States District Judge

---

[8] Defendants' motion to dismiss and reply indicate that they are seeking to dismiss Plaintiff's amended complaint for improper venue. [31, at 5; 45, at 3.] But Defendants fail to develop that argument. Defendants do note that the bankruptcy court order stated that, with the exception of assumed liabilities, "all persons and entities * * * are forever barred, estopped and permanently enjoined from asserting against the Purchaser[.]" [31, at 8.] However, Plaintiff's claims were assumed liabilities. [31-3, at 13.] The language cited by Defendants therefore does not speak to the Court's authority to adjudicate claims based on assumed liabilities.